Lawrence **LUBRIN**, Plaintiff,

v.

**HESS OIL VIRGIN ISLANDS CORP.**, Defendant.

**Civ. No. 1985/296.**

United States District Court,
Virgin Islands,
D. St. Croix.

Feb. 13, 1986.

Edward H. Jacobs, George S. Eltman, St. Croix, V.I., for plaintiff.

## MEMORANDUM OPINION AND ORDER

DAVID V. O'BRIEN, District Judge.

At issue in this case is whether the plaintiff, Lawrence Lubrin, ("Lubrin"), may enter the land of Hess Oil Virgin Islands Corporation ("HOVIC"), for purposes of discovery and whether Lubrin may force HOVIC to submit to a Fed.R.Civ.P. 30(b)(6) deposition. We hold that Lubrin may enter HOVIC property to inspect the site where his injuries allegedly occurred. Additionally, we hold that Lubrin may conduct a rule 30(b)(6) deposition to determine the suppliers and manufacturers of the BTX cargo manifold, tank No. 7515, and any other piece of equipment relevant to his accident.

## I. FACTS

In this case we are faced with a plaintiff in search of a defendant. On February 21, 1984, Lubrin, an employee of HOVIC, was allegedly injured from contact with liquid benzene released from a BTX cargo manifold near tank No. 7515. This equipment is located at the HOVIC refinery on St. Croix. Lubrin's attorneys asked HOVIC for the names of third-parties that may be responsible for the accident. They also sought to conduct an on-site visit to help them identify any potential third-parties and to depose a HOVIC employee. Their requests came to naught.

After experiencing these difficulties, Lubrin filed an equitable action against HOVIC on October 29, 1985, to obtain the on-site visit and also to conduct a Fed.R. Civ.P. 30(b)(6) deposition. In an amended complaint, filed January 29, 1986, Lubrin requested an expedited discovery schedule so he could receive information concerning possible third-party defendants prior to the expiration of the two-year statute of limitation.

HOVIC responded by opposing the motion to amend the complaint and opposing any expedited discovery schedule or trial date. HOVIC correctly argues that a rule 27(a) deposition may not be used as a substitute for discovery, however, this alone does not preclude us from ordering HOVIC to allow Lubrin a site visit or a rule 30(b)(6) deposition.

## II. DISCUSSION

It appears that, Lubrin will be unable to determine the manufacturer or supplier of the BTX cargo manifold and tank without HOVIC's assistance. Since that assistance is not forthcoming, Lubrin is placed in a precarious position. Stated concisely, Lubrin must force a non-party in an anticipated tort suit to supply him with information he needs for determining whether a third-party may be liable for his injuries. Lubrin brought this action for the specific purpose of conducting this type of discovery. For the following reasons we find this tactic proper and will order an expedited discovery schedule.

Lubrin's deposition request falls under Fed.R.Civ.P. 30(b)(6) while the remaining discovery requests are governed by Fed.R. Civ.P. 34. We will examine these requests separately.

### A) *Production of Documents and Entry Upon Land is Allowed Under Rule 34(a) & (c)*

Historically, plaintiffs similarly situated to Lubrin had difficulty finding a mechanism under the Federal Rules of Civil Procedure for inspecting equipment on employers' property, or obtaining documents from employers, because these employers were insulated from liability by workmen's compensation acts. *See* C. Wright and A. Miller, *Federal Practice and Procedure* § 2209 (1970). Prior to 1970, a litigant had no procedural rule to authorize this type of discovery.

In the 1970 amendments to rule 34 the drafters recognized that rule 34, as revised, continued to apply only to parties. However, they did note that subdivision 34(c) "does not preclude independent actions for discovery against persons not parties." *See*, Notes of Advisory Committee on Rules, Fed.R.Civ.P. 34(c). This rule states:

(c) *Persons Not Parties.* This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

Since Lubrin has filed a separate action in equity seeking discovery, we will allow him to enter HOVIC premises to inspect the site of his accident.

We note that a number of District Courts have reached the same conclusion and have recognized that rule 34(c), although not authorizing a court to order discovery of a nonparty, does not prohibit an independent action to obtain discovery. *Reilly Tar Corp. v. Burlington N.R. Co.*, 589 F.Supp. 275, 278–79 (D.Minn.1984) (case dismissed for lack of jurisdiction, however, the court was of the opinion that ancillary jurisdiction may properly be exercised in a discovery action seeking inspection of a nonparty's land if the facts of a particular case so warrant); *Wimes v. Eaton Corp.*, 573 F.Supp. 331 (E.D.Wis.1983); *Huynh v. Werke*, 90 F.R.D, 447, 450 (S.D.Ohio 1981). *Home Ins. Co. v. First Nat. Bank*, 89 F.R.D. 485, (N.D.Ga.1980). Most of these courts have characterized this independent action as similar to the antiquated instrument called an equitable bill of discovery. *Reilly Tar Corp.*, at 278; *Wimes*, at 333–34; *Homes Ins. Co.*, at 488–89. This mechanism was used as the primary means of discovery prior to the advent of the Federal Rules of Civil Procedure in 1938. *Wimes*, 573 F.Supp. at 333–34. Although Lubrin did not style his complaint as an equitable bill for discovery, he does request equitable injunctive relief seeking the equivalent result. We therefore find our result in accordance with the few decisions which exist on this subject.[1]

### B. *Depositions Pursuant to Rule 30(b)(6)*

■ HOVIC objects to the request for a rule 30(b)(6) deposition arguing this type of discovery is properly brought during, not before, an action is filed. HOVIC seems to ignore the fact that Lubrin has filed the present equitable action for discovery from HOVIC, the named defendant. Rather, HOVIC submits that the "real" action, against some third-party, has yet to be filed and therefore Lubrin's deposition request must be governed by Fed.R.Civ.P. 27(a). HOVIC argues that we should deny the request for this deposition because rule 27 depositions may not be used for discovery. *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir.), *reversed on other grounds*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Unfortunately we disagree.

If Lubrin had limited his discovery request to a 30(b)(6) deposition then this argument may have merit. Rather, Lubrin has also requested additional discovery in the form of an on-site visit. As we discussed in part of this opinion, the Federal Rules do not preclude equitable actions for the purpose of discovery. In the present case, HOVIC is a party to such an equitable action and therefore we see no reason why a HOVIC official may not be deposed pursuant to Fed.R.Civ.P. 30(b)(6).

### III. CONCLUSION

In summary we will allow Lubrin to conduct an on-site investigation of the accident. Additionally, HOVIC must make an employee available for a rule 30(b)(6) deposition.

---

1. For a detailed examination of rule 34(c) and its relationship to equitable bills of discovery see Note, *Rule 34(c)* and *Discovery of Non Party Land,* 85 Yale L.J. 112 (1975).