JUSTICE GRAY
delivered the Opinion of the Court.
Appellant Joe Temple appeals the order and judgment of the Thirteenth Judicial District Court, Stillwater County, dismissing his complaint styled as an Equitable Bill of Discovery. We affirm.
*457 We restate the issues on appeal as follows:
1. Is a cause of action known as an equitable bill of discovery cognizable under Montana law?
2. Did the District Court err in dismissing appellant’s complaint for an equitable bill of discovery pursuant to Rule 12(b)(6), M.R.Civ.P.?
Joe Temple was employed by Chevron Resources Company as an equipment operator and was working in the Stillwater Mine on April 4, 1990, when an underground train backed into and ran over him. He sustained physical injuries as a result of the incident and is being paid workers’ compensation disability benefits by his employer.
On June 21, 1990, Mr. Temple filed a complaint for an Equitable Bill of Discovery in the Thirteenth Judicial District Court, Stillwater County, Montana; an amended complaint was filed on August 15, 1990. The named defendants, respondents herein, were Chevron U.S.A., Inc. (Chevron), Chevron Industries, Inc. (Industries) and Manville Sales Corporation (Manville). Chevron and Manville are partners in the Stillwater Mining Company which owns the Stillwater Mine; Chevron is the managing partner. Chevron engaged Industries to perform the actual management functions at the mine. Those functions are carried out by Chevron Resources Company (Resources), Mr. Temple’s employer, which is a division or subsidiary of Industries.
Mr. Temple’s complaint described the nature of the accident and alleged that, as a result of that accident, Mr. Temple may have a cause of action against one or more of the defendants. He claimed that there was relevant evidence within defendants’ control, to which he did not have access, which would identify the causes of the accident and the entities against which he may have a claim. These documents, the complaint alleges, include investigation reports, records describing the legal relationships between defendants and information about the underground train. Mr. Temple further alleged that the information he sought by the equitable bill of discovery was necessary in order for him to thoroughly investigate the circumstances surrounding his accident, as mandated by Rule 11, M.R.Civ.P.
In his prayer for relief, Mr. Temple sought copies of any investigative reports prepared by defendants as a result of his accident and records which would describe the relationship of the various defendants with regard to the operation of the Stillwater Mine. He also sought any information in defendants’ possession which would iden *458 tify the manufacturer, distributor, and owners of the cars and engine of the train that ran over him.
Defendants objected to the discovery sought and moved to dismiss the complaint because it failed to state a cause of action cognizable under Montana law. Defendants asserted that the discovery sought was not authorized by Montana’s Rules of Civil Procedure.
The District Court granted defendants’ motion to dismiss for failure to state a claim for which relief could be granted. The court rejected Mr. Temple’s argument that Rule 11 prevented him from filing a complaint against any of the defendants without the requested discovery. The District Court concluded that, “while there may be some set of circumstances where an action that might be denominated an equitable bill of discovery would be proper, the pleadings here do not constitute such a bill, nor do they conform to the Rules of Civil Procedure.” Mr. Temple appealed.
1. Is a cause of action known as an equitable bill of discovery cognizable under Montana law?
Appellant argues that, while he may have a claim based on his injuries of April 4,1990, he does not know the theory upon which the claim would be based or the party against which any claim should be asserted because all of the information necessary to make those determinations is in the exclusive possession of the corporate respondents. He further alleges that if he does file a claim against respondents without knowing all of the underlying facts, he risks sanction under Rule 11 for filing a claim which is not well grounded in fact. It is appellant’s position that Montana’s courts should exercise their equitable jurisdiction under Article VII, § 4 of the Montana Constitution to recognize an independent action known as an equitable bill of discovery such as has been recognized in a few other jurisdictions.
Respondents assert that the equitable bill of discovery is precluded by the Montana Rules of Civil Procedure. They rely specifically on Rule 8(a) which requires that a complaint contain a statement showing entitlement to relief, and Rule 34(c) which permits independent actions for discovery but, according to the respondents, contemplates an action in existence to which an independent action for discovery under the Rule must be related. Respondents also argue that Mr. Temple could conduct his discovery by simply suing them for damages or by proceeding under Rule 27(a), M.R.Civ.P., which they assert allows depositions to be taken for perpetuation prior to the commencement of an action. Finally, it is respondents’ position that an *459 independent action for discovery is impermissible under this Court’s decisions.
The equitable bill of discovery was the primary means of discovery prior to the adoption of modern rules of civil procedure. Courts which have addressed the issue of whether modern rules of civil procedure totally supersede the equitable bill of discovery are divided.
Some courts have held that the equitable bill has been rendered obsolete by current systems of pleading and practice. See Guertin v. Guertin (Ill. App. Ct. 1990), 561 N.E.2d 1339; Rothery Storage and Van Co. v. Atlas Van Lines (N.D. Ill. 1985), 609 F.Supp. 554; News and Observer Publishing Co. v. North Carolina (N.C. 1984), 322 S.E.2d 133. The conclusion in these cases is that the need for the equitable bill of discovery was eliminated by adoption of modern rales of civil procedure which include liberal discovery rules.
Other courts have recognized that there may be limited circumstances and situations, not covered by the modem rules, in which equity may require the availability of the equitable bill of discovery. As stated by the Supreme Judicial Court of Maine:
Although modern discovery rales and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery, they do not totally displace the traditional equitable jurisdiction of the ... [courts] to issue appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice are served. See, e.g., Reilly Tar Corp. v. Burlington N.R.R., 589 F.Supp. 275, 282 (D.Minn. 1984); Folsom v. Western Elec. Co., 85 F.R.D. 651, 653 (W.D.Okla. 1980); Arcell v. Ashland Chemical Co., 152 N.J.Super. 471, 378 A.2d 53, 70-71 (1977); see also Wimes v. Eaton Corp., 573 F.Supp. 331, 335-37 (E.D.Wisc. 1983); Pomeroy, § 207(b), at 345 (equity court has inherent power to permit inspection in appropriate circumstances).
Shorey v. Lincoln Pulp & Paper Co., Inc. (Me. 1986), 511 A.2d 1076, 1078, (emphasis added; footnote omitted). We agree with the reasoning of the Maine court.
Respondents’ arguments that the Montana Rules of Civil Procedure preclude an equitable bill of discovery altogether are not persuasive. First, nothing in the Rules specifically prohibits such an action. Rules 3 and 8(a) require the filing of a complaint showing entitlement to relief and demand for judgment. Those requirements can be met by filing a complaint for an equitable bill of discovery which meets the requirements discussed herein.
*460 Respondents’ reliance on Rule 34 is similarly misplaced. It is true that Rule 34 applies only to parties in existing litigation and Rule 34(c), while not precluding an independent action against a non-party, does not by itself authorize a court to order discovery from a non-party. On the other hand, nothing in Rule 34(c) prohibits recognition of an equitable bill of discovery in circumstances where the discovery is necessary, is not otherwise obtainable, and serves the interest of justice. We conclude that the Montana Rules of Civil Procedure do not preclude the equitable bill of discovery.
Respondents also assert that the equitable bill of discovery is impermissible under this Court’s decisions in Japp v. District Court of Eighth Judicial Dist. (1981), 191 Mont. 319, 623 P.2d 1389, and State, ex rel. Pitcher v. District Court (1943), 114 Mont. 128, 133 P.2d 350. This argument is without merit.
In Japp, the district court allowed discovery not provided for by the Rules, namely a private interview. We granted a writ of supervisory control and vacated the district court’s allowance of such an interview:
We conclude therefore, that a District Court, in allowing and enforcing discovery in litigation before it, must relate the discovery to one of the methods provided in Rule 26(a), M.R.Civ.P. Any attempt to enforce a method of discovery not provided by the Montana Rules of Civil Procedure is outside the power of the District Court.
Japp, 191 Mont. at 324, 623 P.2d at 1392 (emphasis added). As is clear from our stated conclusion, the District Court had litigation before it and, in that context, went outside the Rules to allow discovery not specifically provided for in the Rules. This significant factual difference between Japp and the instant case makes our conclusion in Japp inapposite here.
Nor does our decision in Pitcher preclude an equitable bill of discovery. In Pitcher, a district court order allowed a party to conduct a discovery deposition and examination of books and records prior to commencing litigation, pursuant to a rule of procedure similar to Rule 27(a), M.R.Civ.P., which authorized perpetuation of testimony in anticipation of litigation. The applicant who sought to conduct the discovery deposition alleged that he would be the plaintiff in a lawsuit and that the person from whom he sought discovery would be the defendant. He alleged that the deponent owed him money for work, labor, and services rendered, and specified that there was an amount in excess of $1,000 due.
*461 We concluded in Pitcher that:
The petitioner has ample remedy by proper procedure. He says that the witness is indebted to him on an account for labor and services in a twenty-four year period of emplo yment on which there is owing to him upwards of $1,000. He does not need to examine the witness nor the books to determine the exact amount. He can sue for $1,000 and after action commenced he may then have inspection of the books before trial. Upon the trial a reference can be ordered if necessary in the examination of the account for the establishment of facts in connection therewith. In so proceeding the petitioner would obtain the evidence he is entitled to have, and in an orderly and lawful manner, and the adverse party would not be put at a disadvantage, but would be in a position to maintain his rights as the law provides.
Pitcher, 114 Mont. at 140, 133 P.2d at 353. We held that the statute at issue was not intended to be a discovery statute and that the district court’s order would authorize the examination of books and records in a manner not authorized by law.
Neither the facts in Pitcher nor the law on which that decision was based is similar to the case before us. If anything, Pitcher is authority for the proposition that appellant cannot take the depositions he seeks to take in this case pursuant to Rule 27(a), M.R.Civ.P.
We have reviewed the authorities provided to us by appellant and respondents. We conclude that, while modem rules of pleading and practice virtually eliminate the need for an equitable bill of discovery, the better reasoned approach is to recognize and allow an equitable bill of discovery under certain limited circumstances.
The foregoing analysis and conclusion brings us to the question of the circumstances under which a complaint for an equitable bill of discovery will be recognized in Montana courts. The question includes appropriate party defendants in an equitable bill, information which may be sought, and procedural requirements.
The courts which recognize the equitable bill are not in agreement as to proper party defendants in such an action. Florida cases generally apply the equitable principle that a person with no interest in the action, or who is merely a witness, cannot be made a party to an equitable bill of discovery. First Nat. Bank of Miami v. Dade-Broward Co. (Fla. 1936), 171 So. 510, 511. See also Poling v. Petroleum Carrier Corporation (Fla. 1967), 194 So.2d 925 (dismissing from an equitable bill an employer which could not be a defendant in the contemplated *462 lawsuit because of workers’ compensation exclusivity). Other courts have recognized the equitable bill against persons or entities which cannot be defendants in the prospective legal action. Shorey, 511 A.2d 1076; Lubrin v. Hess Oil Virgin Islands Corp. (D. Virgin Islands 1986), 109 F.R.D. 403. See also Investors Mortg. Ins. Co. v. Dykema (D. Or. 1984), 598 F.Supp. 666 (allowing equitable bill against individuals not parties to an existing lawsuit). We find guidance in this regard and in regard to other appropriate limitations on the equitable bill of discovery in Shorey and Lubrin.
In Shorey, the injured worker filed his equitable bill solely against his employer, an entity which could not be a party in the worker’s potential action against an equipment manufacturer because of the exclusivity of the Maine Workers’ Compensation Act. In addition, the worker sought only to inspect the machine which caused his injuries; he had requested permission to do so, but his employer refused the request. The Maine court noted that the worker could not proceed under Rule 34, which allows for entry on land to inspect, precisely because the employer could never be a party to an action against the equipment manufacturer; nor could he proceed under Rule 34(c) which does not authorize an independent action for discovery. Thus, on the basis of the noted facts and as discussed above, that court concluded that an equitable bill was available because the discovery sought could not otherwise be obtained.
Similarly, in Lubrin an injured worker sought from his employer the name of the manufacturer or supplier of the equipment involved in his work place accident, an on-site visit to help him identify such entity and to inspect the site of the accident, and the deposition of one of his employer’s representatives to determine the suppliers and manufacturers of the involved equipment. These requests were denied and the worker filed an equitable action against his employer to obtain the on-site visit and to conduct a Rule 30(b)(6) deposition for the noted purpose. It appeared to the United States District Court that the worker would be unable to identify the manufacturer or supplier of the equipment without the assistance of his employer, a non-party in the potential lawsuit. As a result, the court recognized the equitable action with respect to the onsite visit as the kind of independent action contemplated by Rule 34(c), F.R.Civ.P.
The defendants in the equitable discovery actions in both Shorey and Lubrin were the employers, the very entities which could not become defendants in the potential actions. In addition, the discovery sought was limited, in essence, to assistance in determining the *463 identity of potential defendants. Finally, requests for the limited discovery sought had been made and denied. We are persuaded that these circumstances provide appropriate parameters for the availability of an equitable bill of discovery in Montana.
We note, in this regard, our concern with regard to constitutional problems which could arise if an equitable bill of discovery could be brought against potential defendants. While we have determined that Pitcher does not prohibit the equitable bill, it does suggest the constitutional difficulties inherent in forcing a potential defendant to produce records in advance of the commencement of litigation. We stated:
The proceeding launched by the petitioner is what the courts have often spoken of as a fishing expedition, in this instance having for its purpose the discovery of facts and information as the basis for litigation. The relator is under compulsion to come with all his books and records, expose everything he has that tells the story of his business for twenty-five years, submit it all to the scrutiny of the man who is planning a lawsuit against him. Clearly this would be a violation of the relator’s right to security against unlawful search and seizure of his papers and effects, and cannot be allowed.
Pitcher, 114 Mont. at 139, 133 P.2d at 353, (emphasis added).
We hold, therefore, that an equitable bill of discovery is cognizable under Montana law, but that it is available only against a person or entity which cannot be a defendant in subsequent litigation. Further, the equitable bill is available for the names and addresses of potential defendants and for on-site visits to inspect specific items which may have caused a documented injury. Finally, a plaintiff in an equitable bill action must show that the discovery requested cannot be obtained otherwise and has been requested of, and denied by, the person or entity which, for whatever reason, cannot be a defendant in subsequent litigation.
2. Did the District Court err in dismissing appellant’s complaint for an equitable bill of discovery pursuant to Rule 12(b)(6), M.R.Civ.R?
It is clear from our holding as to the limited availability of an equitable bill of discovery that Mr. Temple’s complaint does not meet the requirements for such an equitable bill. In particular, all of the information sought by Mr. Temple is sought from the very entities which are potential defendants in subsequent litigation. Of equal or greater importance, the information sought is, to a large extent, much broader than we have concluded is appropriate in an equitable bill. *464 Finally, the showing of unavailability otherwise and request and denial are absent. It remains appropriate to address Mr. Temple’s Rule 11 arguments as they relate to his complaint.
Mr. Temple argues that he cannot file a complaint against Chevron, Industries and Manville, and thereafter conduct discovery, because of Rule ll’s requirement of certification that the complaint is grounded in fact; this is so, he asserts, because the information he needs to make such a certification is within the exclusive control of these very entities. While this argument has some surface appeal, it does not bear up under scrutiny.
First, Rule 11 states only that a signature constitutes certification that “to the best of the signer’s knowledge, information and belief formed after reasonable inquiry it is well grounded in fact... and that it is not interposed for any improper purpose... .’’All the Rule requires is that a party make reasonable inquiry and then certify based on knowledge, information and belief. Here, it appears from responses by Mr. Temple’s counsel during oral argument that little or no inquiry was made prior to filing the equitable action asserting that all of the information needed is within the exclusive control of the named defendants. Most notably, he did not obtain reports concerning the accident from the state or federal safety regulatory body having jurisdiction over the accident. Such reports may include a wealth of information with regard to such things of interest to Mr. Temple as safety responsibility at the mine and the train which ran over him.
Next, as recognized by the language of the Rule itself, Rule 11 does not require a guarantee or certification that every detailed fact has been thoroughly investigated and proved to be correct. Neither the Rule nor our cases supports Mr. Temple’s premise that he would face sanctions under the Rule were he to file a “knowledge, information and belief’ complaint “after reasonable inquiry.” Rule 11 sanctions have been imposed sparingly in Montana and only where a party has failed to make reasonable inquiry into the facts and law and, thus, has failed to meet the objective reasonableness standard. See Bee Broadcasting Assoc. v. Reier (1989), 236 Mont. 275, 769 P.2d 709. Furthermore, while we have affirmed sanctions in a case involving improper joinder of a party, we did so where “[ajbsolutely no legitimate purpose was served” in joining the party and the joinder was “ill-advised, frivolous, malicious and oppressive.” D’Agostino v. Swanson (1990), 240 Mont. 435, 784 P.2d 919. If reasonable inquiry produced a reasonable belief that a parent company or partners in a *465 venture retained overall safety responsibility for a work site, it is inconceivable that a joinder of such parties would result in sanctions.
Indeed, it is common practice to join parent and partner companies in a complaint where a party is not certain at the outset which entity has ultimate responsibility for a particular incident but believes, after reasonable inquiry, that one or more of the entities is responsible. Discovery after the complaint is filed often produces the specific answer, after which nonresponsible parties can be dismissed. Nothing in the case before us suggests, much less mandates, a different procedure here. In the alternative, fictitious “Doe” pleading also is available to save meritorious causes of action where, despite reasonable diligence, the actual identity of culpable parties remains unknown or uncertain. Nurenberger v. Hercules-Werke v. Virostek (Nev. 1991), 822 P.2d 1100. These time-honored alternatives negate appellant’s Rule 11 argument and provide procedures which enable a plaintiff to commence an action; correspondingly, these alternatives permit a defendant to know what it must defend against and to rely on the protections afforded by the Montana Rules of Civil Procedure.
We hold that the District Court did not err in dismissing appellant’s complaint for an equitable bill of discovery pursuant to Rule 12(b)(6), M.R.Civ.P. Nothing herein should be interpreted to prohibit the filing by Mr. Temple of an equitable bill in accordance with the requirements of this opinion.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON and WEBER concur.