20 Kan. App. 2d 715 (1995)
LaTOYA D. AUSTIN, Appellant,
v.
JOHNSTON COCA-COLA BOTTLING GROUP, INC., a Delaware corporation, d/b/a COCA-COLA BOTTLING CO. OF MID-AMERICA, INC., (not a corporation), Appellee.
No. 72,273
Court of Appeals of Kansas.
Opinion filed March 24, 1995.
David R. Hills, of Kansas City, for appellant.
Kenneth E. Holm, of Boddington & Brown, Chtd., of Kansas City, for appellee.
Before LARSON, P.J., PIERRON and ROYSE, JJ.
ROYSE, J.:
LaToya D. Austin filed a petition for discovery against Johnston Coca-Cola Bottling Group, Inc. Johnston Coca-Cola filed a motion to dismiss, which the district court granted. Austin appeals.
The factual background to this case is undisputed. Austin worked for Able Employment, Inc., (Able) a temporary employment placement service. Able placed Austin at Johnston Coca-Cola in Lenexa, Kansas. While cleaning a bottling machine, Austin was injured.
Austin pursued her workers compensation claim against Able and its insurance carrier, Aetna. During the workers compensation proceedings, Austin served a subpoena duces tecum on William Cahill, director of human resources for Johnston Coca-Cola. The subpoena ordered Cahill to produce all records, statements, and reports regarding her injury, and all manuals, instructions, and diagrams on operating and/or cleaning the machine that caused her injury. The administrative law judge ruled that Austin could not depose Cahill for a possible third-party claim in the *716 workers compensation case. The propriety of this ruling is not before us.
Austin next wrote a letter to Johnston Coca-Cola asking for certain documents and for permission to conduct an inspection of the bottling machine. That letter apparently did not achieve the desired result, as Austin proceeded to file this action. In addition to her petition for discovery pursuant to K.S.A. 60-234(c), Austin served Johnston Coca-Cola with interrogatories, a request for production of documents, and a request for entry upon defendant's land and inspection of the bottling machine. Austin asserted no substantive claim against Johnston Coca-Cola and takes the position that the Workers Compensation Act precludes any tort claim against Johnston Coca-Cola.
Johnston Coca-Cola filed an answer and a motion to dismiss for failure to state a claim upon which relief can be granted. The district court granted the motion to dismiss, concluding: (1) K.S.A. 60-234(c) does not create a cause of action for discovery against non-parties; (2) Kansas law does not recognize the equitable bill of discovery; and (3) it lacked personal and subject matter jurisdiction.
The district court's determination that Austin's petition failed to state a cognizable claim was a legal conclusion, subject to unlimited review on appeal. Gillespie v. Seymour, 250 Kan. 123, 129, 823 P.2d 782 (1991).
Before addressing the specific arguments raised by Austin, we believe it helpful to examine an early case that considered the equitable bill of discovery. In Pyramid Life Ins. Co. v. Gleason Hospital, 188 Kan. 95, 360 P.2d 858 (1961), the insurance company sought an injunction compelling the hospital to let the insurance company copy the hospital records of policyholders who had been patients in the hospital. The district court denied the requested injunction, and Pyramid appealed. The Kansas Supreme Court concluded that Pyramid was impermissibly trying to discover whether it had a cause of action against the hospital for claims it had long ago paid. "[Pyramid] either seeks to circumvent or fails to recognize that a bill of discovery is not authorized by *717 the Kansas code of civil procedure or in the practice of the Kansas courts." 188 Kan. at 100.
The court commented that, even under the federal rules, discovery "does not constitute an unrestricted fishing license." 188 Kan. at 100.
"`The right to require a disclosure is generally limited to instances where there is a real cause of action pending or imminent, and the court is entitled to the information in aid of proper judicial proceedings. The applicant must show a cause of action or defense existing in aid of which discovery is sought, and disclosure cannot be required if the action or the defense itself cannot be maintained. In other words, a party is not entitled to a discovery to enable him to ascertain whether he has a cause of action.'" (Emphasis added.) 188 Kan. at 101 (quoting 17 Am. Jur., Discovery and Inspection § 10, pp. 14-15).
Pyramid, then, made clear that Kansas does not permit a suit solely for the purpose of obtaining discovery. See Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006, 1011 (8th Cir.1965); Note, Enlarging Kansas Discovery, 11 Kan. L. Rev. 221, 226 (1962). This rule is sometimes phrased as a prohibition on discovery against non-parties, because no substantive right of recovery is asserted in an action for discovery.
On appeal, Austin argues that K.S.A. 60-234(c) now provides that an independent cause of action for discovery exists. That subsection reads: "(c) Persons not parties. This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land." The legislature adopted K.S.A. 60-234(c) in 1972, copying a 1971 addition to the Federal Rules of Civil Procedure.
Austin correctly notes that the Kansas courts have traditionally followed the interpretation of federal procedural rules after which Kansas rules have been patterned. See Stock v. Nordhus, 216 Kan. 779, 782, 533 P.2d 1324 (1975). The Advisory Committee Notes accompanying Rule 34 make clear that the rule applies "only to parties." Advisory Committee Notes to Fed. R. Civ. Proc. 34. Likewise, courts interpreting Rule 34 have consistently held that the rule does not create a cause of action for discovery. Pollitt v. Mobay Chem. Corp., 95 F.R.D. 101, 106 (S.D. Ohio 1982) ("[I]t is well settled that Rule 34 provides this Court with no authority *718 to order a non-party to permit entry on land."). Home Ins. Co. v. First Nat. Bank of Rome, 89 F.R.D. 485, 487 (N.D. Ga. 1980) ("Rule 34(c) states that independent actions are not precluded; however, it contains no language authorizing such discovery."). See 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §§ 2208-2209 (1994); 4A Moore's Federal Practice ¶ 34.22 (1994).
The 1971 addition to Rule 34 was an effort to eliminate confusion about whether Rule 34 precluded a discovery action against a non-party. In jurisdictions where independent discovery actions had previously been recognized, some courts were reading Rule 34 as preempting independent actions for discovery. The Advisory Committee explained the addition of subsection (c) as follows:
"Rule 34 as revised continues to apply only to parties. Comments from the bar make clear that in the preparation of cases for trial it is occasionally necessary to enter land or inspect large tangible things in the possession of a person not a party, and that some courts have dismissed independent actions in the nature of bills of equity for such discovery on the ground that Rule 34 is preemptive. While an ideal solution to this problem is to provide for discovery against persons not parties in Rule 34, both the jurisdictional and procedural problems are very complex. For the present, this subdivision makes clear that Rule 34 does not preclude independent actions for discovery against persons not parties."
Thus, the Advisory Committee Notes makes clear  and the courts have agreed  that Rule 34(c) as adopted in 1971 does not authorize an independent action for discovery. See, e.g., Reilly Tar Corp. v. Burlington N.R. Co., 589 F. Supp. 275, 278 (D. Minn. 1984) ("Rule 34(c) itself does not authorize a court to order discovery of nonparty land."). The shaping of an independent discovery device, if one were to exist at all, was left to the courts. Note, Rule 34(c) and Discovery of Nonparty Land, 85 Yale L.J. 112, 114 n. 18 (1975).
The cases cited by Austin do not hold that Rule 34(c) creates an independent cause of action for discovery. Instead, they judicially authorize use of the equitable bill of discovery, apart from the rules of civil procedure. Lubrin v. Hess Oil Virgin Islands Corp., 109 F.R.D. 403, 405 (D.V.I. 1986); Wimes v. Eaton Corp., 573 F. Supp. 331, 335 (E.D. Wis. 1983); Home Ins. Co. v. First *719 Nat. Bank of Rome, 89 F.R.D. 485; Temple v. Chevron U.S.A. Inc., 254 Mont. 455, 840 P.2d 561 (1992).
In interpreting a plain and unambiguous statute, the courts must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). Austin's argument that K.S.A. 60-234(c) pronounces a right to bring an independent discovery action is contrary to the language of the statute.
Certainly, if the legislature had intended to create the right to pursue an independent discovery action, it could have expanded K.S.A. 60-234 to do so. See, e.g., K.S.A. 60-227 (allowing deposition before action to perpetuate testimony); K.S.A. 60-245a (providing for the subpoena of a non-party's business records). In fact, the federal rules were modified in 1991 to provide for discovery against non-parties. Fed. R. Civ. Proc. 34(c) now provides: "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Significantly, Kansas has not adopted the 1991 change to Rule 34(c).
For the foregoing reasons, we agree with the district court that K.S.A. 60-234(c) does not create an independent cause of action for discovery against non-parties.
Austin attempts to avoid the conclusion of Pyramid Life Ins. Co. v. Gleason Hospital, 188 Kan. 95, that Kansas courts have not recognized an independent cause of action for discovery. Austin contends that Pyramid was decided under pre-1963 rules of procedure and has no application to K.S.A. 60-234(c). Austin's argument ignores the fact that Pyramid did not rely solely on the Kansas code of civil procedure; the holding makes clear that Kansas courts have not authorized use of the bill of discovery. In addition, the legislature enacted the code of civil procedure in 1963 and had the opportunity to overrule Pyramid, but chose not to do so. Austin's suggestion that the legislature tacitly overturned the Pyramid holding is without merit.
The district court did not err in holding that Kansas law does not recognize the equitable bill of discovery.
*720 Austin's third argument on appeal is that the district court erred in holding that it lacked subject matter jurisdiction in this case. Austin has conceded, however, that the district court was correct if there is no independent cause of action for discovery. In light of our conclusion that Kansas does not recognize an independent cause of action for discovery, the district court did not err in concluding that it lacked subject matter jurisdiction.
Austin's final argument is that the district court erred in holding that it lacked personal jurisdiction over Johnston Coca-Cola. Johnston Coca-Cola did not assert the defense of lack of personal jurisdiction in its answer or in its motion to dismiss. If not raised in an answer or motion, the defense of lack of personal jurisdiction is waived. K.S.A. 60-212(h)(1). The district court, therefore, erred in concluding that it lacked personal jurisdiction over Johnston Coca-Cola. This error was harmless because the district court had correctly determined that Austin failed to state a cause of action. See Tamplin v. Star Lumber & Supply Co., 251 Kan. 300, Syl. ¶ 3, 836 P.2d 1102 (1992).
Affirmed.