FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0389

DA 14-0389

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 134N

IN RE THE MARRIAGE OF:

SARA KAE COX,

        Petitioner,

    and

DANIEL SCOTT COX,

        Respondent,

ROBERT C. MYERS,

        Appellant,

    v.

TWENTY-FIRST JUDICIAL DISTRICT OF MONTANA,
DEPARTMENT ONE, HON. JEFFREY H. LANGTON,

        Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR-10-35
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Robert C. Myers (self-represented); Hamilton, Montana

        For Petitioner Sara Kae Cox:

            Matthew J. Cuffe, Amy M. Scott, Jori L. Quinlan, Worden Thane P.C.;
Missoula, Montana

Submitted on Briefs: March 11, 2015
Decided: May 19, 2015

Filed:

_____
                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert C. Myers appeals the June 16, 2014 order of the Twenty-First Judicial District Court, Ravalli County, which imposed sanctions under M. R. Civ. P. 11(b) (Rule 11) against Myers for his representation of Daniel Scott Cox (Daniel) in a parenting plan dispute between Daniel and his ex-wife, Sara Kae Cox (Sara).

¶3     In the underlying parenting plan dispute, Daniel, with Myers as his counsel, filed a motion pursuant to M. R. Civ. P. 60(b) (Rule 60(b) Motion) asking for relief from the District Court's adoption of Sara's amended parenting plan. On March 5, 2014, the District Court denied Daniel's Rule 60(b) Motion. In the same order, the District Court sua sponte set a hearing to determine whether the Rule 60(b) Motion violated Rule 11 and requested additional briefing from the parties on the issue of Rule 11 violations and sanctions against Myers.

¶4     The District Court held a hearing April 9, 2014, to consider whether Myers committed Rule 11 violations and whether sanctions were warranted. On June 16, 2014, the District Court filed a 42-page order that found Myers in violation of Rule 11. The order held that Myers violated Rule 11(b) "in numerous ways," including unsupported legal and factual allegations and filings made for an improper purpose. Myers was

3

ordered to pay $10,000 to the Ravalli County Clerk of Court as a sanction pursuant to Rule 11(c)(4).

¶5 Daniel appealed the denial of his Rule 60(b) Motion, and Myers separately appealed the sanction order. Sara moved to consolidate the two appeals, but we denied the motion. Order, *Cox v. Cox* (Mont. Sept. 23, 2014) (No. DA 14-0388). We recently decided Daniel's appeal in *Cox v. Cox*, 2015 MT 78N, 378 Mont. 541, ___P.3d___. Therefore, this opinion is limited to the issue of Rule 11 sanctions imposed against Myers. We invited Sara to respond in this appeal regarding Myers' sanctions. Order inviting Sara to file an Answer Brief, 3, Oct. 21, 2014, No. DA 14-0389. Sara filed a timely answer brief.

¶6 We review de novo the district court's determination that the pleading, motion or other paper violates Rule 11. We review the district court's findings of fact underlying that conclusion to determine whether such findings are clearly erroneous. If the court determines that Rule 11 was violated, then we review the district court's choice of sanction for abuse of discretion. *Davenport v. Odlin*, 2014 MT 109, ¶ 9, 374 Mont. 503, 327 P.3d 478. A district court retains the necessary flexibility to deal appropriately with violations of Rule 11 and has discretion to tailor sanctions to the particular facts of the case. *Davenport*, ¶ 9. The district court is in the best position to evaluate the credibility of the testimony offered in a Rule 11 proceeding. *Morin v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 146, ¶ 33, 370 Mont. 305, 302 P.3d 96.

¶7 Under Rule 11, when an attorney signs a pleading and submits it to the court, the attorney certifies that he has made an inquiry reasonable under the circumstances that the

4

claims are supported by existing law (or contain a good-faith argument to change existing law), the facts have evidentiary support, and the pleading is not filed for an improper purpose. M. R. Civ. P. 11(a)-(b). "Therefore, there are two grounds for imposing sanctions: the 'frivolousness clause,' meant to cover pleadings not grounded in fact or law; and the 'improper purpose clause,' meant to cover pleadings filed for an improper purpose" such as harassment, delay, or increasing the cost of litigation. *Morin*, ¶ 37; M. R. Civ. P. 11(b).

¶8 Myers asserts on appeal that he properly relied on the affidavits of his client, Daniel, as evidentiary support for his factual assertions, citing *Garr v. U.S. Healthcare*, 22 F.3d 1274 (3d Cir. 1994). "Rule 11 does not require a guarantee or certification that every detailed fact has been thoroughly investigated and proved to be correct." *Temple v. Chevron U.S.A.*, 254 Mont. 455, 464, 840 P.2d 561, 567 (1992). Rule 11 sanctions will be imposed "only where a party has failed to make reasonable inquiry into the facts and law and, thus, has failed to meet the objective reasonableness standard." *Temple*, 254 Mont. at 464, 840 P.2d at 567.

¶9 The District Court found that while some facts were supported by Daniel's affidavits—which Myers prepared—the majority of the facts at issue were "Myers' own unsupported factual contentions." On appeal, Myers fails to cite to any facts in the record to support a contrary finding. The District Court's finding that Myers did not make a reasonable inquiry into the facts in his pleadings is not clearly erroneous.

¶10 Myers argues that the legal arguments in the Rule 60(b) Motion are based on existing law. However, the District Court's order provides numerous examples of Myers'

5

failure to follow the Montana Rules of Civil Procedure throughout the proceedings. Myers also makes various unsupported contentions in the Rule 60(b) Motion that Daniel's due process rights were violated. The record reflects that Daniel was afforded both notice and a right to be heard in all aspects of the proceedings, which meet the requirements of civil due process. *In re Marriage of Stevens*, 2011 MT 124, ¶ 18, 360 Mont. 494, 255 P.3d 154 ("Due process requires notice and the opportunity to be heard"). The District Court's finding that Myers' pleadings were without legal support was not clearly erroneous.

¶11 Myers argues that his motion was not filed for an improper purpose. Our review of the record convinces us that the District Court's determination that Myers' "baseless, scathing factual contentions" and use of "highly inflammatory language against opposing counsel, the children's therapist, and the Court and its staff" was for an improper purpose. Myers alleged that the children's therapist intentionally lied, and he referred to her as "the H.I.V. virus tricking an immune cell into accepting the virus to its own detriment." He also referred to the "lawlessness" of the proceedings in District Court, and asserted "that Daniel was tasked with the legal equivalent of doing an autopsy and investigation on a mutilated body in which an entire town had motive for the crime." Myers' baseless factual contentions and use of inflammatory language has no place in our legal process and, standing alone, would justify sanctions. *Morin*, ¶ 39. This finding by the District Court was not clearly erroneous.

¶12 Finally, Myers challenges the sanction of $10,000 imposed by the District Court for his Rule 11 violations. A sanction under Rule 11 "must be limited to what suffices to

deter repetition of the conduct or comparable conduct by others similarly situated," and may include "an order to pay a penalty into court." M. R. Civ. P. 11(c)(4). Because our rule mirrors Rule 11 of the Federal Rules of Civil Procedure, it is appropriate to consider federal jurisprudence in this regard when interpreting our own Rule 11. *See D'Agostino v. Swanson*, 240 Mont. 435, 784 P.2d 919 (1990) (citing federal jurisprudence on the purpose of Rule 11 of the Federal Rules of Civil Procedure).

¶13 The amount of a monetary sanction should be guided by equitable considerations. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988). The District Court may consider the minimum amount required to deter future Rule 11 violations, the attorney's ability to pay a sanction, and "other factors as deemed appropriate in individual circumstances." *White v. GM Corp.*, 908 F.2d 675, 684-85 (10th Cir. 1990). "[A] monetary sanction imposed without any consideration of ability to pay would constitute an abuse of discretion." *In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990). "[T]he sanctioned party has the burden to produce evidence of inability to pay." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

¶14 Here, the District Court considered factors outlined in the Advisory Committee Note to the 1993 amendment to the Federal Rule 11 to determine the amount of the sanction. It considered the degree of Myers' conduct, the limited evidence of Myers' financial resources presented to the court, and the minimum amount that would deter Myers from such conduct in the future. The District Court determined that $10,000 was

an appropriate sanction.  Myers presented no evidence of his inability to pay the sanction. The imposition of $10,000 in sanctions against Myers was not an abuse of discretion.[1]

¶15    Myers presents many other arguments in his opening brief; however, they relate to the denial of Daniel's Rule 60(b) Motion, and we addressed those claims in *Cox v. Cox*, 2015 MT 78N, 378 Mont. 541, ___P.3d___.  Therefore, we have no need to address those arguments here.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct, and its findings of fact were not clearly erroneous. The District Court's sanction order against Myers was not an abuse of discretion.

¶17    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

---

[1] During the April 9, 2014 hearing on sanctions, Myers mentioned that his wife is a physician.  In the sanction order, the District Court stated that $10,000 "[f]or a lawyer living on a lawyer's and doctor's combined incomes . . . would constitute a bite."  On appeal, Myers argues that the District Court abused its discretion when it considered his wife's income when determining the sanction amount.  We agree that this consideration was improper; however, Myers presented no evidence to prove that he could not pay the $10,000 sanction, and therefore the amount of the sanction is not an abuse of discretion.

8