**Addey FOLSOM, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, INCORPORATED, a New York Corporation, Defendant.**

**No. CIV–79–1090–T.**

United States District Court, W. D. Oklahoma.

Feb. 7, 1980.

---

John M. Merritt, Oklahoma City, Okl., for plaintiff..

Arlen E. Fielden of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

Plaintiff's complaint herein alleges that defendant has refused to allow inspection of a forklift in defendant's possession. Plaintiff was injured while employed by defendant and plaintiff alleges the need to inspect the forklift to frame the issues for a subsequent federal action against the manufacturer of the forklift. Plaintiff's complaint alleges diversity of citizenship between plaintiff and defendant and further alleges that the amount in controversy in the anticipated future lawsuit against the manufacturer will exceed $10,000, although plaintiff fails to allege the amount in controversy in the present suit or the statutory basis for jurisdiction. Plaintiff states that "this action is brought for the purpose of perpetuating evidence for such future action." The complaint states no basis for jurisdiction and no prayer for relief. Defendant has moved to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, and has obtained a stay of discovery pending disposition of the motion. Plaintiff has responded to the motion.

It should first be noted that plaintiff's complaint fails to meet the standards of Rule 8(a), Federal Rules of Civil Procedure, as it nowhere alleges the statutory basis for federal jurisdiction or a prayer for relief. However, as defendant has not objected on this ground, and as plaintiff's claim has been defined in the brief, the Court will address the merits of plaintiff's suit.

Rule 34, Federal Rules of Civil Procedure, provides for discovery of the type sought by plaintiff, i. e., entry upon land for inspection, as against a *party*. Defendant Western Electric Company will not be a party to

any action by plaintiff for her injuries, due to the exclusivity of the Oklahoma Workmen's Compensation laws. Rule 34(c), however, provides:

"This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land."

Defendant maintains that this section does not create a right of action; plaintiff maintains that, by implication, it does. There are apparently no cases deciding the question. Subsection (c) was added to Rule 34 by amendment in 1970. The Advisory Committee Note to the amendment explains that:

"Comments from the bar make clear that in the preparation of cases for trial it is occasionally necessary to enter land or inspect large tangible things in the possession of a person not a party, and that some courts have dismissed independent actions in the nature of bills in equity for such discovery on the ground that Rule 34 is preemptive. While an ideal solution to this problem is to provide for discovery against persons not parties in Rule 34, both the jurisdictional and procedural problems are very complex." 48 F.R.D. 487, 527.

The jurisdictional problems foreseen by the Committee are demonstrated in this suit, where jurisdictional amount is arguably lacking. However, as no party has raised the issue of jurisdiction, and as the Court disposes of the case on other grounds, the question will not be reached.

■ Plaintiff asserts that this action is cognizable as one to perpetuate testimony pursuant not only to Rule 34(c), but also 27(c). The Advisory Committee Note to Rule 34(c), quoted above, acknowledges the need for discovery for *the preparation of cases for trial.* There is no indication either in Rule 34 or in any other authority cited by plaintiff that discovery is proper for the purpose of preparing to file suit. Rule 27 provides a method whereby a person may perpetuate testimony by written or oral deposition in anticipation of suit. Under Rule 27, however, certain showings are required to be made and procedures for notice to expected adverse parties are required. The Court must find that "the perpetuation of testimony may prevent a failure or delay of justice." While these procedures are not incorporated into Rule 34(c), they are helpful in judging the requirements of an independent suit for discovery. There is no allegation here that the forklift in question is in danger of being moved, destroyed, or altered; there is no explanation of plaintiff's need to inspect the forklift prior to her filing suit against its manufacturer; there is no provision made by plaintiff for notice to the manufacturer; and, in sum, no valid basis for this lawsuit or the discovery sought has been shown. The only basis for plaintiff's complaint is apparently her desire to commence discovery before suit is filed, and with no provision for notice to the adverse party, a tactic not contemplated or accommodated by the Federal Rules of Civil Procedure. While it would appear that a plaintiff may pursue an independent action for discovery under Rule 34(c), under appropriate circumstances, the plaintiff here has alleged no circumstances justifying such relief and her complaint must therefore be dismissed.

Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is sustained, and plaintiff's complaint is hereby dismissed.