205 N.J. Super. 205 (1985)
500 A.2d 721
GEORGE DAVILA AND MARIA DAVILA, PLAINTIFFS-RESPONDENTS,
v.
CONTINENTAL CAN CO., AND/OR JOHN DOE, 1 THROUGH 5, (FICTITIOUS ENTITIES).
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1985.
Decided November 6, 1985.
*206 Before Judges FURMAN and COHEN.
Terrence Dwyer argued the cause for the appellant (Williams, Caliri, Miller & Otley, attorneys; Terrence Dwyer, Daniel Kinburn and David Golub on the brief).
Bertram J. Glassner argued the cause for the respondent (Wysoker, Glassner & Weingartner, attorneys; Raul I. Gonzalez on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Defendant Continental Can Co. (hereinafter defendant) appeals by leave from the denial of its motion for dismissal of plaintiff's action against it. We sustain the result below.
Plaintiff, an employee of defendant, was injured in the course of his employment while operating a band saw. He has pursued a workers' compensation remedy. Without knowledge of the identity of the manufacturer or distributor of the band saw unit, he brought the present action in strict product liability, negligence and breach of warranty against John Doe 1 through *207 5, fictitious entities, and against defendant for discovery purposes only. At oral argument his counsel represented that defendant's insurance carrier, prior to his institution of this action, had refused to answer his inquiry into the identities of the manufacturer and distributor of the band saw unit.
Under the circumstances, joinder of plaintiff's employer as a party defendant for discovery purposes only was proper. Plaintiff was injured, he alleges, because of defective manufacture or design of the band saw unit which he was operating at work. He should not be without a remedy because he lacks information himself and was rebuffed by his employer, through its insurance carrier, in seeking to ascertain the identifies of the manufacturer and distributor who placed the band saw unit in the stream of commerce.
The procedural precedent for the action against defendant is the equity bill for discovery. See Arcell v. Ashland Chemical Co., Inc., 152 N.J. Super. 471, 506-507 (Law Div. 1977), also a products liability action, in which the Law Division upheld a third party complaint for discovery purposes only against the employer of the plaintiff. See also R. 4:11-3, recognizing the survival in our jurisprudence of the historic equitable cause of action.
In the action on appeal before us, defendant has a financial stake. It would have a statutory lien for workers' compensation benefits paid by it against the proceeds of any third party recovery, N.J.S.A. 34:15-40. But there has not been an inflexible requirement that the defendant in an action for discovery must have an interest in the subject matter. Vice-Chancellor Sooy stated in Walker v. Pennsylvania Railroad Co., 134 N.J.Eq. 544, 547 (Ch. 1944):
It seems to be a general rule well established that "no person can properly be made a defendant in a suit for discovery, * * * unless he has an interest in the subject-matter of the controversy in aid of which the discovery is asked." But this rule is subject to certain well-defined exceptions and our courts have frequently compelled discovery in order to obtain names and addresses of proper parties to a suit or proceedings intended to be started.
*208 Litigation similar to this by an employee against an employer for discovery purposes only may be unlikely to recur. An employer's financial interest is not served by withholding the identities of those who placed in the stream of commerce an allegedly defective product which caused a compensable injury.
Defendant argues before us that it would face expenses and inconvenience if required to defend the underlying tort action. That argument is specious. As plaintiff's counsel conceded, defendant would be entitled to a dismissal immediately upon the completion of the limited discovery sought against it. At oral argument he represented that plaintiff would then grant a voluntary dismissal in defendant's favor, in our view a proper disposition.
We affirm.