**Gregory L. SHOREY**

v.

**LINCOLN PULP & PAPER COMPANY, INC.**

Supreme Judicial Court of Maine.

Argued June 3, 1986.

Decided July 18, 1986.

McTeague, Higbee, Libner, Reitman, MacAdam & Case, Maurice A. Libner (orally), Brunswick, for plaintiff.

Rudman & Winchell, Dawn M. Pelletier (orally), Michael P. Friedman, David C. King, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, Gregory Shorey, appeals from a judgment in favor of the defendant, Lincoln Pulp & Paper Company, Inc., entered by the Superior Court (Penobscot County) following a hearing on the plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Maine Rules of Civil Procedure. The plaintiff's complaint is in the nature of a bill in equity seeking an order that would permit him to enter the defendant's premises for the purpose of inspecting a machine to determine whether it was negligently designed. In the alternative, the plaintiff requests a declaration that the defendant has forfeited whatever lien it otherwise may have the right to assert pursuant to the Workers' Compensation Act, 39 M.R.S.A. § 68 (Supp. 1985–1986). We vacate the judgment.

The facts as alleged in the plaintiff's complaint are as follows. On March 17,

1985, the plaintiff suffered serious injuries to his right hand and arm arising out of and in the course of his employment with the defendant. As a result of the injury, the plaintiff has been totally disabled and receives workers' compensation benefits from the defendant's compensation insurance company. Sometime after the injury, the plaintiff employed a "competent independent engineer" to inspect the machine that caused his injury in order to determine whether it was defectively designed. The defendant, however, declined to allow the plaintiff's engineer to enter its premises to conduct his inspection. The plaintiff has given assurances that the inspection would be carried out in a minimally intrusive manner without altering the machine in any way.

In its answer, the defendant admitted the allegations in plaintiff's complaint and asserted the affirmative defense that the complaint failed to state a claim upon which relief could be granted on the ground that the Superior Court lacked the authority to issue an order allowing the plaintiff to inspect the machine. The plaintiff asserted two grounds in his complaint in support of his claim, Rule 34(c) of the Maine Rules of Civil Procedure and the general equitable powers of the Superior Court to issue a bill of discovery.

The plaintiff moved for judgment on the pleadings. No matters outside the pleadings were presented. The court denied the motion and, concluding that it lacked the power to grant the relief that the plaintiff sought, granted judgment in favor of the defendant. We treat the court's order as one granting a Rule 12(b)(6) motion to dismiss the complaint.

Rule 34 of the Maine Rules of Civil Procedure specifically allows a party to serve on any other party a request to permit entry on land for the inspection of objects located thereon. Since the defendant, because of the exclusivity of the Maine Workers' Compensation Act, *see* 39 M.R.S.A. § 4 (Supp.1985–1986), will not be a party to an action against the manufacturer brought by the plaintiff to recover for his injuries, Rule 34 is not applicable to this case. Rule 34(c), however, provides:

> **(c) Persons Not Parties.** This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

This provision does not by itself authorize an independent action for discovery, but merely makes clear that Rule 34 is not intended to preclude actions for discovery against persons who are not parties. *See* M.R.Civ.P. 34 advisory committee's note, 1 Field, McKusick & Wroth, *Maine Civil Practice* § 34, at 255 (2d. ed. Supp.1981); *see also* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2209, at 618–19 (1970) (discussing F.R.Civ.P. 34(c), which is identical to M.R.Civ.P. 34(c)). The advisory committee's note states that the right to an independent action is in the nature of a traditional equitable bill for discovery.[1] The defendant contends that because it cannot be a party to an action brought by the plaintiff-employee, the Superior Court lacks the equitable power to authorize an inspection of the machine in this case. We disagree.

Equity courts have long exercised their auxiliary jurisdiction to compel discovery solely in aid of proceedings at law.[2] 1 J. Pomeroy, *Equity Jurisprudence* § 196, at 292 (5th ed.1941) (hereinafter Pomeroy); R. Whitehouse, *Equity Jurisdiction in Maine* § 110, at 123 (1900). The bill of discovery

---

1. The advisory committee's note provides in relevant part:

 Rule 34 continues to apply only to parties. Subdivision (c) makes clear, however, that this rule is not pre-emptive and independent actions in the nature of bills in equity may be brought in order to enter land or inspect large tangible things in the possession of persons who are not parties.

2. By statute, the Superior Court has "full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law." 14 M.R.S.A. § 6051(13) (1980).

originated because of the inflexible rules of the common law under which an adverse party could not be compelled to produce items in his possession for the use of his opponent at trial. Ordinarily, a pure bill for discovery was brought to aid a party in an action at law, but the pendency of such an action was not necessary.

> The action in aid of which the discovery is sought may be pending; but this is not necessary. It is sufficient if the plaintiff in the bill for a discovery shows that he has a right to maintain or defend an action in another court, and that he is about to sue or is liable to be sued therein, although no action is yet commenced; a discovery may be needed to determine the proper parties, or properly to frame the allegations of the plaintiff's pleading.

Pomeroy, § 197(b), at 298 (footnotes omitted). *See generally* Note, Rule 34(C) and Discovery of Nonparty Land, 85 Yale L.J. 112 (1975) (discussing the types of independent actions that might be brought to obtain discovery of nonparty land).

Although modern discovery rules and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery, they do not totally displace the traditional equitable jurisdiction of the Superior Court to issue appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice are served. *See, e.g., Reilly Tar Corp. v. Burlington N. R.R.,* 589 F.Supp. 275, 282 (D.Minn.1984); *Folsom v. Western Elec. Co.,* 85 F.R.D. 651, 653 (W.D.Okla.1980); *Arcell v. Ashland Chemical Co.,* 152 N.J.Super. 471, 378 A.2d 53, 70–71 (1977); *see also Wimes v. Eaton Corp.,* 573 F.Supp. 331, 335–37 (E.D.Wisc. 1983); Pomeroy, § 207(b), at 345 (equity court has inherent power to permit inspection in appropriate circumstances).[3]

 Normally, a lower court's determination not to grant an equitable discovery order is reviewable only for an abuse of discretion. *See, e.g., Backland v. General Motors Corp.,* 352 Mass. 776, 226 N.E.2d 555, 555–56 (1967). Here, however, the presiding justice failed to exercise any discretion because he erroneously concluded that he lacked the power to grant the relief sought by the plaintiff. Since we conclude that the Superior Court is fully authorized to grant the relief sought by the plaintiff upon a proper showing, the plaintiff's complaint does, indeed, state a claim upon which relief can be granted. Therefore, this matter must be remanded to Superior Court for a determination whether the plaintiff is entitled to the equitable relief he seeks.

The entry is:

Judgment vacated. Remanded for proceedings consistent with the opinion herein.

All concurring.

---

**3.** Rule 27(a) also provides a method for the Superior Court to allow for discovery before an action is commenced. *See* M.R.Civ.P. 27(a)(1);

1 Field, McKusick & Wroth, *Maine Civil Practice* § 27.1, at 460–61 (2d ed. 1970).