Doerfer, J.
The plaintiff, Elsa Walker (“Walker”) brought this complaint for discovery against her employer, Daley Hotel Management Corporation (“Daley”), seeking to determine whether she has a viable cause of action arising from an assault at the Back Bay Hilton Hotel on January 24, 1994. In her complaint, Walker requests this court,
[T]o order the defendant to grant discovery to the plaintiff to determine whether there exists a cause of action against the defendant or against the Hilton International Hotel chain, and to comply with the discovery provisions of the Massachusetts Rules of Civil Procedure for such purposes.
(Complaint, ¶6.) The defendant has now moved to dismiss the complaint and to quash two subpoenas which have been served on Daley’s general manager, Gregory Hargrave, and its director of security, Christian Sulac, on the grounds that the complaint states no viable cause of action.[1] The plaintiff contends that her complaint for discovery falls within the equitable jurisdiction of this court. For the reasons which follow, the defendant’s motions are denied.
BACKGROUND
For the purposes of the defendant’s motions, the court accepts the following allegations as true.
On January 24, 1994, while in the course of her employment at the Back Bay Hilton located in Boston, Massachusetts, Walker was assaulted at knife point and molested. (Complaint, ¶5.) Although Walker has no cause of action for damages directly against Daley because of the Workers’ Compensation bar, she believes she has a viable claim against an independent corporation, Hilton International Hotel, which has a franchising arrangement with Daley.[2] Walker has thus filed the instant action to determine whether the relationship between the corporate entities and the nature of their agreements relating to security practices would enable her to pursue such an action. Walker seeks to conduct a limited number of depositions and to obtain certain records.
DISCUSSION
A bill of discovery comes within the “historic ancillary jurisdiction of the equity court.” Wolfe v. Massachusetts Port Authority, 366 Mass. 417, 419 (1974). Daley contends that the adoption of the new discovery rules supplanted equitable discovery and, therefore, Walker’s only avenue is to comply with the statutory rules.
Prior to the promulgation of the Massachusetts Rules of Civil Procedure, a bill of discovery could be maintained “to aid the plaintiff in a suit which he intends immediately to bring, as well as in a suit already brought, if the bill discloses a cause of action.” Post & Co. v. Toledo, Cincinatti & St Louis R.R., 144 Mass. 341, 347 (1887). The courts held that the statutory procedures for propounding interrogatories did not supplant this equitable action. Cavanaugh v. McDonnell & Co, Inc., 357 Mass. 452, 454 (1970); Owens-Illinois Glass Co. v. Bresnahan, 322 Mass. 629, 633 (1948). However, the bill was only permitted “(a) where the statutory procedure was inadequate to obtain the necessary information, and (b) where the information sought could have been obtained under a pre-1851 bill for discovery.” MacPherson v. Boston Edison Co., 336 Mass. 94, 100 (1957).
In Wolfe v. Massachusetts Port Authority, 366 Mass. 417 (1974), the Supreme Judicial Court further refined the standards under which a plaintiff could bring a bill of discovery. In Wolfe, the plaintiff was driving through a Massachusetts Port Authority toll booth when a wheel from an unidentified tractor-trailer combination struck him in the face, causing him serious injuries. The court allowed the plaintiff to bring a complaint for discovery against the Massachusetts Port Authority in order to compel the production of toll receipts and tickets collected on the bridge which would assist the plaintiff in identifying the tractor-trailer which caused his injuries. The court explained that a bill of discovery was appropriate because the plaintiff (1) had “properly described an ongoing or contemplated cause of action for which information is needed" and (2) had “alleged sufficient facts to demonstrate the inadequacy of statutory interrogatories and the essentiality of the bill of discovery as an aid to the plaintiffs position in the court proceeding in the *58 cause of action.” Id. at 422. The court noted that the plaintiff had no hope of remedy without the use of a bill of discovery and that the bill was not unduly burdensome on the Massachusetts Port Authority nor likely to prove unreasonably difficult in compliance. Id. at 423.
Although Wolfe was issued in 1974, the case was not decided under the new Massachusetts Rules of Civil Procedure. In fact, in Massachusetts, the continued viability of the equitable bill of discovery has not been addressed by any appellate court since the promulgation of the Rules. Thus, the court must look to federal law and the state law of other jurisdictions for guidance in this matter.
The Federal Rules replace the bill of discovery only to the extent that they provide relief that was formerly obtainable by such a bill. Wright & Miller, Federal Procedure, Vol. 8, §2005. “[T]he equitable bill of discovery was not abolished by the adoption of the Federal Rules; at most, it was rendered obsolete.” Sarah N. Welling, Discovery of Nonparties’ Tangible Things Under the Federal Rules of Civil Procedure, 59 Notre DameL.R. 110, 128, n. 100 (1983) [hereinafter “Welling”]; see 4 J. Moore & J. Lucas, Moore’s Federal Practice, ¶¶ 26.03[3], 26.53 (2d ed. 1983) [hereinafter “Moore’s Federal Practice"]-, 4A Moore’s Federal Practice, ¶33.05. “[TJoday, [state] courts deciding whether independent actions for discovery are preempted by the rules generally conclude that the answer depends on whether the rules provide an adequate remedy for the party seeking discovery.” Welling, supra at 128, n. 97, citing Arcell v. Ashland Chem. Co., 378 A.2d 53, 71 (1977) (“[T]he majority view is that modern rules and statutes relating to discovery do not abrogate equitable jurisdiction as to bills of discovery, and equity may be resorted to where effective discovery cannot be obtained under the rules or statutes”).
In the instant case, the discovery rules would not aid Walker in her task of locating a possible defendant. Walker cannot sue Daley due to the Workers’ Compensation bar, and therefore, she cannot serve it with interrogatories or depositions regarding Daley’s franchising agreement. Further, Mass.R.Civ.P. 27, is unavailing because the rule impliedly allows a potential plaintiff to perpetuate another person’s testimony only when that person may be unavailable for future litigation. See Rules Practice, Smith & Zobel, §27.1. Mass.R.Civ.P. 27 “does not sanction complaint-building discovery.” Id. Thus, Walker has no recourse to discovery under the Massachusetts Rules of Civil Procedure if her complaint for discovery is dismissed.
In Shorey v. Lincoln Pulp & Paper Co., Inc., 511 A.2d 1076 (Me. 1986), the Maine Supreme Judicial Court addressed a similar issue to the one currently before this court. In Shorey, an employee who had been injured during the course of employment brought a bill of discovery against his employer, requesting that he be allowed to inspect the premises, including the machine which caused his injury, in order to determine whether he could bring a third-party action. The trial court dismissed the bill of discovery, concluding that it lacked the power to grant the plaintiff such relief. Id. at 1077. The Supreme Judicial Court vacated the trial court’s order on the grounds that the bill of discovery was still viable even after the promulgation of statutory discovery rules and that, in the case of an injured employee, the rules provided no relief because of the Workers’ Compensation bar. Id. at 1078. The court explained that “[a]lthough modern discovery rules and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery, they do not totally displace the traditional equitable jurisdiction of the Superior Court to issue appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice served.” Id; see also Lubrin v. Hess Oil Virgin Islands Corp., 109 F.R.D. 403 (D.V.I. 1986) (court ordered employer to permit injured employee’s inspection of property to determine proper party of possible third-party action).
Most recently, in July of 1994, the Supreme Court of South Carolina similarly granted a bill of discovery to the administrator of a deceased employee’s estate allowing him to inspect the decedent’s place of employment in order to determine whether a third-party action was viable. Wofford v. Ethyl Corporation, 447 S.E.2d 187 (S.C. 1994). The court stated that “[t]he equity powers of the Court may allow discovery when the Rules do not provide a mechanism.” Id. at 189. Several other jurisdictions are in accord. See Berger v. Temple v. Chevron U.S.A., Inc., 840 P.2d 561, 566 (Mont. 1992) (equitable bill of discovery cognizable when person or entity cannot be a defendant in subsequent litigation); Davila v. Continental Can Co., 500 A.2d 721, 723 (N.J. 1983) (complaint for discovery filed against employer by employee in order to determine the existence of a product liability action is appropriate); Berger v. Cuomo, 644 A.2d 333, 337 (Conn. 1994) (plaintiff who demonstrates that there is probable cause to bring a potential cause of action may file complaint for discovery).
A review of both the federal and state cases in this area persuades this court that the best reasoned approach is to recognize and to allow an equitable bill of discovery under very limited circumstances. In the present case, Daley is the exclusive entity in possession of information relating to security agreements with Hilton International Hotel Corp. but it cannot be made a defendant in this case due to the Workers’ Compensation bar. Further, although Walker has articulated facts which would constitute a cause of action if she could identify an appropriate third-party defendant, the Rules provide her with no means of obtaining the necessary discovery to establish such a cause of action. Thus, in the present case, the court adopts the reasoning of Shorey v. Lincoln Pulp & Paper *59 Co., Inc., 511 A.2d 1076 (Me. 1986), and holds that Walker’s complaint for discovery properly states a cause of action.
The court, however, is cognizant of the potential abuse of the complaint for discovery by plaintiffs in search of any conceivable third-party defendant. The use of a complaint for discovery must be balanced with the goal of protecting “the privacy of nonparties from intrusions.” Wolfe, supra at 420. A bill of discovery is only appropriate when the plaintiff has “properly described an ongoing or contemplated cause of action for which information is needed” and has “alleged sufficient facts to demonstrate the inadequacy” of the rules and “the essen-tiality of the bill of discovery as an aid to the plaintiffs position.” Wolfe, supra at 422. Further, the plaintiff must demopstrate that the information sought is in the exclusive possession of a party against whom discovery under the Rules cannot be obtained. In furtherance of these goals, the court rules that the plaintiff must present affidavits containing detailed facts which demonstrate a good faith reason to believe that the information sought is in the possession of the defendant and that this information is both material and necessary to the plaintiffs action.
A judge must “be particularly sensitive to assure that the bill [of discovery] addresses a ‘limited purpose’ for which it provides a ‘practical and reasonable’ discovery procedure and that the relief granted is within these parameters.” Wol/e, supra at 422, citing MacP-hersonv. Boston Edison Co., 336 Mass. 94, 105 (1957). The court concludes that allowing Walker to subpoena Daley’s general manager and director of security, for the limited purpose of determining whether the relationship between Daley and Hilton International Hotel and the nature of their agreements relating to security practices would enable her to pursue an action, is both practical and reasonable. Therefore, the court denies Daley’s motions to dismiss the complaint and to quash the subpoenas. However, Walker must submit an affidavit containing detailed facts which demonstrate that she has a good faith reason to believe that such security agreements between Daley and the Hilton International Hotel Corp. are likely to exist. If the plaintiffs submissions are satisfactory in this regard, Walker may then proceed with her requested discovery.
ORDER
For the foregoing reasons, the Defendant’s Motion to Dismiss and the Defendant’s Motion to Quash Subpoena are DENIED. The court hereby ORDERS the Plaintiff to submit an affidavit(s) containing detailed facts which demonstrate that she has a good faith reason to believe that such security agreements between Daley and the Hilton International Hotel Corp. are likely to exist. If the plaintiffs submissions are satisfactory to the court, the plaintiff will be allowed to take the depositions of the defendant’s general manager, Gregory Hargrave, and its director of security, Christian Sulac, under a subpoena duces tecum for the limited purpose of determining the relationship between the defendant and Hilton International Hotel and the nature of the agreements between them relating to security practices.

The complaint seeks no monetary relief from the defendant, but rather simply discovery.

In her complaint, Walker avers that “[u]pon information and belief, the Hotel is a franchise of the Hilton International Hotel chain, and was owned, controlled or operated in whole or in part by the latter entity.” (Complaint, ¶6.)