STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 6 2011

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-187

PAF-YOR - 1/4/2000

MICHAEL H. VERMETTE,

    Plaintiff

v.

THOMAS BRIDGES, et al.,

    Defendants

ORDER
AND
DECISION

In April of 1998 the plaintiff Michael Vermette, who was employed as a carpenter for the Peterson Company, seriously injured his eye while installing a hardwood floor. Mr. Vermette is receiving workers' compensation benefits through his employer's insurance company and is considering whether any of the defendants in this suit for an equitable bill for discovery should be sued for damages. He wishes to conduct discovery of the defendants before deciding whether any or all of them should be sued for damages. The defendants object to his requested discovery.

There are three possible routes by which pre-litigation discovery could be permitted. They include Rules 27(a) and 34(c) of the Rules of Civil Procedure and the general equitable powers of the Superior Court.

Rule 27(a) governs discovery before an action is filed. Under Rule 27(a)(1) "a person who desires to perpetuate testimony or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of the state may file a verified petition in the Superior Court . . . ." The petition must show, ". . . that the

petitioner expects to be a party to an action cognizable in a court of the State but is presently unable to bring it or cause it to be brought . . .". Under Rule 27(a)(3) the Court if ". . . satisfied that the perpetration of the testimony or other discovery may prevent a failure or delay of justice . . ." may issue an order governing the details of the permitted discovery.

Here discovery is not being sought for the purpose of perpetuating testimony. There is no suggestion that any of the defendants are gravely ill, extremely elderly, about to move to a distant location or would otherwise be unavailable later. Likewise it did not appear at oral argument that discovery is being sought under Rule 35, physical and mental examination of persons, or under that portion of Rule 34(a) governing entry upon land for inspection and other purposes. Discovery under that portion of Rule 34(a) governing production of documents is apparently being considered.

Regardless of whether or not the petition was verified, a defect which could be readily corrected, the petitioner does not indicate, to his credit, that he expects to be a party but cannot currently bring the suit. Rather he more honestly suggests that he is not certain whether grounds exist to sue someone else and needs to learn more about the relationship of the various parties to the construction project and the ownership of certain equipment. No relief can be given to the plaintiff under Rule 27(a) or for that matter Rule 27(d) which states, "This rule does not limit the power of a court to entertain an action to perpetuate testimony."

2

Rule 34(c) states that, "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." This rule is not applicable here as there is no action pending. Rule 34(c) deals with a case where there is a suit and one of the parties to the suit wants to utilize the specified forms of discovery to obtain information from a non-party to the existing action.

Is there then a residual equitable power, not directly circumscribed by the Civil Rules, which would allow depositions and requests for production of documents in this case? In *Shorey v. Lincoln Pulp & Paper Company, Inc.*, 511 A.2d 1076 (Me. 1986) an injured worker sought an order under the then current version of Rule 34(c) and under the general equitable powers of the Superior Court to allow his engineer to inspect such machinery which had injured him. The then current version of Rule 34(c) provided that "This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land." The advisory committee's note to Rule 34(c), which is in note 1 of the *Shorey* opinion noted that ". . . independent actions in the nature of bills in equity may be brought in order to enter land or inspect large tangible things in the possession of persons who are not parties."

The *Shorey* case clearly states at 1077 that "Equity courts have long exercised their auxiliary jurisdiction to compel discovery solely in aid of proceedings at law." The Law Court in *Shorey* did cite the 1941 text Pomeroy on Equity Jurisprudence, see page 1078, which stated "It is sufficient if the plaintiff in the bill for a discovery

3

shows that he has a right to maintain or defend an action in another court, and that he is about to sue or is liable to be sued therein, . . . a discovery may be needed to determine the proper parties, or properly to frame the allegations of the plaintiff's pleading." *Shorey* went on to state that while modern discovery rules virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery they do not eliminate the traditional equitable jurisdiction to issue an appropriate order when " . . . effective discovery cannot otherwise be obtained and the ends of justice are served."

Since *Shorey* was decided Rule 34(c) was amended to its current form. The advisory committee notes to the 1993 amendment to Rule 34(c) however indicates that the amendment ". . . is not intended to preclude an independent action for production of documents or things or for permission to enter upon land, but such actions may no longer be necessary in light of this revision."

My conclusion is that Rules 27(a) and 34(c) do not apply but that the Superior Court has the power, in its discretion, to grant an equitable bill of discovery. Should that discretion be used to permit discovery? This is a more difficult question.

To the plaintiff's credit he did not resort to the common tactic of suing everyone in sight and sorting out the facts later. However, the plaintiff can attempt to gather information outside of formal discovery. Likewise, the initial 1970 commentary to Rule 27 found in *Maine Civil Practice* Section 27.1 is still relevant. "Although Rule 27 appears under the heading "Depositions and Discovery", it is not a discovery device. Its purpose is to preserve against the danger of loss testimony

4

the content of which the petitioner knows; it does not contemplate a fishing expedition in the hope of learning facts upon which an action may be based. Although the rule should be liberally construed, it generally is not intended to permit discovery in order to frame a complaint." When those comments are combined with the *Pomeroy* quote cited in *Shorey* I reach the conclusion that discovery, while it could be allowed, should not be. The plaintiff apparently was seriously injured and understandably wants compensation beyond that provided by the workers' compensation laws. He will not be permitted discovery simply on the hope that something will be found which will permit a suit against somebody.

The entry is:

Petition for equitable bill of discovery is denied.

Dated: January 4, 2000

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
Matthew B. Cox, Esq.
Burns Bryant Hinchey Cox & Rockefeller
PO Box 608
Dover, NH. 03821-0608

Defendant-Bridges Electric
Mark V. Kenny, Esq.
P.O. Box 7109
Portland, ME. 04112-7109

Defendant-Thomas Bridges
David C. Norman, Esq.
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

Defendant: Paul Donnellan
Jeffery J. Clark, Esq.
ERWIN OTT CLARK & CAMPBELL
PO BOX 545
YORK ME 03909-0415

A TRUE COPY ATTEST

CLERK

5