DONALD L. [illegible]
LAW [illegible]

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 JUN 25 A 10: 49

JUL 26 2004

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-709
TEH [illegible] - 6/25 2004

IN RE:
PETITION OF MICHAEL CARRIER

ORDER ON PETITION FOR
EQUITABLE BILL OF DISCOVERY

Before the court is the verified petition for equitable bill of discovery.

BACKGROUND

The petitioner alleges the following: The petitioner is a correctional officer at the Maine Correctional Center ("MCC") in Windham. Pet. at 1, ¶ 1. He took time off from work to be with his ailing father in Bangor. *Id.* During his absence, a memorandum was posted in public areas within the MCC. *Id.* The memorandum claimed that the petitioner was having severe personal problems and was being sought by the state police, all of which the petitioner denies. *Id.* at 1, ¶ 2. The memo indicated that the petitioner's whereabouts were unknown and anyone with knowledge should report his whereabouts immediately. *Id.* at 1-2, ¶ 3. Many people at the MCC knew where the petitioner was but never reported it. *Id.* at 2, ¶ 3. Further, the memo falsely indicated that the petitioner was on immediate administrative leave. *Id.* at 2, ¶ 4. The institution is refusing to disclose the source of the information, the reasons for it, and the assertions that underlie the MCC's decisions in making these claims. *Id.*

The petition goes on to assert that individuals in the Windham Police Department ("WPD") claim to have seen the memo and may have forwarded the memo to others. *Id.* at 2. The names of the people at the WPD who may have been contacted by individuals or agents of the MCC need to be ascertained in

order to determine whether the individuals at the WPD republished defamatory materials, as well as whether the information may have been further published as a result of its transmission to these entities. *Id.*

The petitioner now seeks an order allowing pre-filing discovery, which permits him to conduct depositions, obtain the production of documents, and require potential witnesses to answer a limited set of interrogatories. *Id.* at 2-3.

## DISCUSSION

"[T]he Superior Court has the power, in its discretion, to grant an equitable bill of discovery." *See Vermette v. Bridges,* CV-99-187 (Me. Super. Ct. Yor. Cty., Jan 4, 2000) (Fritzsche, J.). The petitioner urges the court to use this discretion to allow him to conduct pre-filing discovery.[1] He asserts that he must ascertain the identity of the appropriate parties to this lawsuit and the statements and/or communications that have been made before he can determine if his claims are sufficiently meritorious to proceed with litigation. He also claims that he is entitled to invoke the court's equitable powers because he does not know the specific identities of the individuals who created and/or made the alleged defamatory statements, the specific information or claims contained in the alleged defamatory statements, to whom and how these statements and/or claims were communicated or passed onto, and how such information was provided to the WPD. Further, he argues that he has no other means of ascertaining this information without the use of pre-filing discovery, as the parties already identified in this case have refused to provide him with any information necessary to make these determinations.

---

[1] The petitioner does not seek pre-filing discovery under M.R. Civ. P. 27. *See* Response Br. at 1, ¶ 2.

The petitioner cites the *Shorey* decision as support for his proposition that he is entitled to conduct pre-filing discovery pursuant to an equitable bill of discovery. *See Shorey v. Lincoln Pulp & Paper Co.*, 511 A.2d 1076 (Me. 1986). Specifically, he claims that *Shorey* allows a court to grant an equitable bill of discovery "to determine the proper parties, or properly to frame the allegations of the plaintiff's pleading." *Id.* at 1078 (*quoting* J. Pomeroy, *Equity Jurisprudence* § 196 at 292 (5th ed. 1941). The petitioner's argument is misplaced. After quoting Pomeroy's treatise, which was published in 1941, *Shorey* goes on to conclude that " modern discovery rules and liberal pleading requirements virtually eliminate the need to resort to an independent action in the form of an equitable bill of discovery . . ." and that, although the Superior Court's equitable jurisdiction has not been entirely displaced, the Superior Court may only issue "appropriate orders for independent discovery when effective discovery cannot otherwise be obtained and the ends of justice are served." *Id.* at 1078.

Here, the petitioner can obtain effective discovery without pre-filing discovery. The petitioner can conduct discovery after filing a complaint against the individuals already known to be involved in the incident and listed on his Notice of Claim made pursuant to the Maine Tort Claims Act. *See* Opp'n Br., Ex. A, sec. C. In addition, the petitioner can make further attempts to gather information outside of formal discovery. *See Vermette v. Bridges*, CV-99-187 (Me. Super. Ct. Yor. Cty., Jan 4, 2000) (Fritzsche, J.).

The petitioner may not use the court's equitable powers to "assist him in a fishing expedition in hope of learning facts on which an action may be based." *See id.* Further, the doctrine should not be invoked to allow the

3

petitioner to frame his complaint. *See id.* Maine's liberal rules on submitting and amending complaints allow justice to be served by affording the petitioner the opportunity to plead his claims generally against the individuals and entities he knows were involved in the incident and later amend his complaint to conform to newly discovered evidence. *See* M.R. Civ. P. 8; M.R. Civ. P. 15 ("leave shall be freely given when justice so requires"); *see also Reilly Tar Corp. v. Burlington N. R.R.,* 589 F. Supp. 275, 282 (D. Minn. 1984) (holding that the liberal pleading requirements of Fed. R. Civ. P. 8(a), the verification requirement of Fed. R. Civ. P. 11, and the liberal discovery rules made it inappropriate to order pre-filing discovery for the purpose of determining if a party had a cause of action against certain individuals).

### DECISION

Pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Petition for equitable bill of discovery is DENIED.

Dated:  June 25, 2004

_____
Justice, Superior Court

4

COURTS
nd County
ox 287
e 04112-0287

CHRISTOPHER TAUB AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

COURTS
nd County
ox 287
e 04112-0287

PETER EVANS ESQ
PO BOX 427
PORTLAND ME 04112